IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GS HOLISTIC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-1174-L** |
| | § | |
| **MUNI INVESTMENT INC. d/b/a** | § | |
| **TIC TOK 4 and SAAD AL-BAYATI,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

On May 16, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 26) was entered, recommending that the court **deny** Plaintiff GS Holistic's ("Plaintiff" or "GS Holistic") Motion for Default Final Judgment Against the Defendants ("Motion") (Doc. 24); **order** it to file a Second Amended Complaint that corrects the deficiencies identified in the Report; and **order** it to serve Defendants Muni Investment Inc. d/b/a Tic Tok 4 ("Muni Investment") and Saad Al-Bayati ("Mr. Al-Bayati") (collectively "Defendants") with the Second Amended Complaint.

### I.     Background

On May 22, 2023, Plaintiff brought this action against Muni Investment Inc. and John Doe for trademark infringement, counterfeiting, and false designation of origin, and unfair competition, under the Lanham Act (15 U.S.C. § 1051 *et. seq*.). On April 1, 2024, Plaintiff filed an Amended Complaint against Muni Investment and Mr. Al-Bayati for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 *et. seq*.). Doc. 15. Summonses were returned executed as to Defendants, and the returns of service reflect that Defendants were served in accordance with Federal Rule of Civil Procedure 4. Docs.

8-18. Thereafter, they did not file an answer or otherwise respond to Plaintiff's Complaint. At Plaintiff's request, the clerk of court, therefore, entered a default against Store Defendant on September 14, 2023. Doc. 12.

Plaintiff seeks statutory damages and costs under the Lanham Act and also requests a permanent injunction against Defendants and an order requiring Defendants to turn over all infringing materials for destruction. Doc. 24.

## II.     Report

Magistrate Judge Rebecca Rutherford determined that Plaintiff failed to meet the procedural prerequisites for entry of default judgment against Muni Investment. Report 5. The magistrate judge found that after the clerk entered default against Muni Investment on September 14, 2023 (Doc. 11), Plaintiff filed an Amended Complaint (Doc. 15). *Id.* Magistrate Judge Rutherford determined that because the Amended Complaint is the operative pleading, Plaintiff was required to request and obtain the clerk's entry of default before moving for default judgment. *Id.* at 6. As a result, the magistrate judge concluded that before Plaintiff can move for default judgment against Muni Investment, it must request that the clerk enter default judgment. *Id.* Accordingly, the magistrate judge recommends that the court deny without prejudice Plaintiff's Motion as to Muni Investment.

Second, the magistrate judge found that Plaintiff's pleadings fail to provide a sufficient factual basis for its Lanham Act claims against Mr. Al-Bayati. *Id.* While the magistrate judge determined that Plaintiff's pleadings are insufficient substantively, she determined that the prerequisite to obtain a clerk's entry of default was satisfied. *Id.* at 6-7 (citing Docs. 18, 22). In addressing the claims against Mr. Al-Bayati, she found that there are no material facts at issue because Defendants, by not responding, admitted that Plaintiff's well-pleaded allegations are true.

*Id.* at 7. Despite this, Magistrate Judge Rutherford determined that an entry of default judgment would be improper here because even when taking Plaintiff's allegations as true, there are deficiencies in the substantive merits of its Amended Complaint. *Id.* at 8.

The magistrate judge determined that to succeed on its Lanham Act claims, Plaintiff must prove that "(1) it possesses a legally protectable trademark, and (2) [Defendants'] use of this trademark creates a likelihood of confusion as to source, affiliation, or sponsorship." *Id.* (quoting *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017) (internal quotation marks omitted) (brackets in original)). She found that the first factor was sufficiently alleged, but Plaintiff does not sufficiently allege facts from which the court can "determine whether a likelihood of confusion exists based on consideration of the aforementioned 'digits of confusion.'" *Id.* at 10. Moreover, the magistrate judge determined that Plaintiff's allegations are conclusory because they are a recitation of the statute. *Id.* Magistrate Judge Rutherford determined that Plaintiff's allegations that Defendants are "unlawfully selling glass infusers that have *identical, or nearly identical,* versions of the Stündenglass Marks affixed to products that are made with inferior materials and technology, thereby leading to significant illegitimate profits by SAAD AL-BAYATI, [sic] such as the Defendants in the instant case," are conclusory. *Id.* at 10-11 (quoting Pl.'s Am. Compl. ¶ 21) (emphasis and brackets in original).

Because of the deficiencies in Plaintiff's Amended Complaint and the court's rulings in several other cases, the magistrate judge recommended that the court **deny** Plaintiff's Motion, **order** it to file a Second Amended Complaint that corrects the deficiencies identified in the Report, and **order** it to serve Defendants with the Second Amended Complaint.

**Memorandum Opinion and Order – Page 3**

### III.  Miscellany

While the court agrees with the magistrate judge's findings, it notes that since April 2023, Plaintiff has filed 57 cases in this district, six of which have been assigned to the undersigned. *See GS Holistic LLC v. Red Glass Inc et al*, Case No. 3:23-cv-00741-L; *GS Holistic LLC v. Nay Smart Investments Inc et al*, Case No. 3:23-cv-00805-L; *GS Holistic LLC v. OMS Investment LLC et al*, Case No. 3:23-cv-01024-L; GS Holistic LLC v. Muni Investment Inc et al, Case No. 3:23-cv-01174-L; *GS Holistic LLC v. Smoke Lemmon LLC et al*, Case No. 3:23-cv-01752-L; and *GS Holistic LLC v. B Over 21 Inc et al*, Case No. 3:23-cv-00882-L. In each of the aforementioned cases, Plaintiff filed nearly identical pleadings. In four of these cases, Plaintiff moved for default judgment, and the court denied the motion without prejudice and warned Plaintiff that failure to cure the deficiencies in its pleadings would result in dismissal with prejudice for failure to prosecute or comply with a court order. *GS Holistic LLC v. Nay Smart Investments Inc et al*, Case No. 3:23-cv-00805-L; *GS Holistic LLC v. OMS Investment LLC et al*, Case No. 3:23-cv-01024-L; *GS Holistic LLC v. Smoke Lemmon LLC et al*, Case No. 3:23-cv-01752-L; *GS Holistic LLC v. B Over 21 Inc et al*, Case No. 3:23-cv-00882-L.

Plaintiff has repeatedly been warned in other cases that failure to comply with the court's orders may result in sanctions, including dismissal of Plaintiff's claims. Although the court does not know the bases for Plaintiff's failure to comply with the court's orders, Plaintiff has had more than ample time to file Amended Complaints as a matter of right or file a motion for leave to amend its Complaint. Instead of doing either of the two, Plaintiff waits until the court uses its scarce judicial resources to address the same deficiencies in each of the pleadings. The court warns Plaintiff that it must comply with the Federal Rules of Civil Procedure, this District's Local Civil Rules, and all other applicable law. Failure to comply with these directives in *any* of Plaintff's

lawsuits with this court will result in the dismissal without prejudice of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute or comply with a court order. In other words, Plaintiff and Plaintiff's counsel must be proactive to correct this lingering and unresolved issue that has been repeatedly noted by the court. **This is the last time that the court will be so accommodating.**

### IV. Conclusion

After considering the Motion, brief, pleadings, the file, Report, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **denies without prejudice** Plaintiff's Motion for Default Judgment (Doc. 24) and **orders** Plaintiff to file a Second Amended Complaint that cures the deficiencies identified by the Report and the court by **5 p.m. August 25, 2025**. Finally, the court **orders** Plaintiff to re-serve all Defendants and file proof of service establishing valid service of process on all Defendants by **5 p.m. September 8, 2025**. Failure of Plaintiff to serve all Defendants by this date will result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 4(m), unless Plaintiff files a motion that establishes good cause for its failure to serve Defendants as directed by the court.

**It is so ordered** this 5th day of August, 2025.

*Sam A. Lindsay*
Sam A. Lindsay
United S